UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:11-cv-62569-KMM

In re:

CRAIG PIAZZA,

Appellant

vs.

NUETERRA HEALTHCARE PHYSICAL THERAPY, L.L.C.

Appellee.

APPEAL
from
UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

**INITIAL BRIEF OF THE APPELLANT**

---

**KEVIN C GLEASON, ESQ.**
4121 N 31 Avenue
Hollywood, Florida 33021-2011
Attorney for Appellant
954.893.7670

January 6, 2012

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

REQUEST FOR ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-
NATURE OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-
PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

SCOPE OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
The bankruptcy court erred in dismissing the case at the request of a creditor where no grounds existed for denial of discharge or exception from discharge, thereby judicially creating an additional creditor's remedy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
The bankruptcy court erred in dismissing the case at the request of a creditor on amorphous grounds of "bad faith" when the Debtor otherwise qualified for relief under Chapter 7.. . . . . . . . . . . . . . . . . . . . . . . . -10-
The bankruptcy court erred in dismissing the case at the request of a creditor by relying upon factors specifically only applicable to cases with "primarily consumer debt.".. . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

## TABLE OF AUTHORITIES

**Federal Cases**

Acosta Rivera v. Segarra Miranda, 376 B.R. 382 (D.P.R. 2007). . . . . . . . . . . . -11-

Baldino, In re, 369 B.R. 858 (Bankr.M.D.Pa. 2007). . . . . . . . . . . . . . . . . . . . . -18-

Bilzerian, In re, 153 F.3d 1278 (11th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . -4-

Blixseth, In re, 2009 Bankr. LEXIS 1628 (Bankr. D. Mont. 2009). . . . . . . . . . -12-

Bonaventure v. Butler, 593 F.2d 625(5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . -18-

Bonner v. City of Pritchard, Ala., 661 F.2d 1206 (11th Cir. 1981). . . . . . . . . . . -14-

Bush, In re, 62 F.3d 1319 (11th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Coop v. Frederickson, 545 F.3d 652 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . . -10-

Dunford, In re, 408 B.R. 489 (Bankr. N.D. Ill. 2009).. . . . . . . . . . . . . . . . . . . -12-

Durand v. Ackerman, 2008 U.S. Dist. LEXIS 76536 (E.D.N.Y. 2008). . . . . . . -18-

eCAST Settlement Corp. v. Washburn, 579 F.3d 934 (8th Cir. 2009). . . . . . . . -10-

Farrar-Johnson, In re, 353 B.R. 224 (Bankr. N.D. Ill. 2006). . . . . . . . . . . . . . . -12-

Garrett, In re, 3 B.R. 557 (Bankr. N.D. Ga. 1980). . . . . . . . . . . . . . . . . . . . . . -19-

Integrated Telecom Express, Inc., In re 384 F.3d 108 (3rd Cir. 2004). . . . . . . . -15-

Mancl v. Chatterton, 381 B.R. 537 (W.D. Wis. 2008). . . . . . . . . . . . . . . . . . . . -11-

Morales v. Trans World Airlines, Inc., 504 U.S. 374, 112 S.Ct. 2031 (1992). . -15-

Myers v. TooJay's Mgmt. Corp., 640 F.3d 1278 (11th Cir. May 17, 2011). . . . -14-

O'Ferrell v. U.S., 253 F.3d 1257 (11th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . -4-

Padilla, In re, 222 F.3d 1184 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

Ransom v. FIA Card Services, N.A., 131 S.Ct. 716 (January 11, 2011). . . . . . -11-

Ross-Tousey v. Neary, 549 F.3d 1148 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . -10-

Rouse, In re, 301 B.R. 86 (Bankr. D. Colo. 2003). . . . . . . . . . . . . . . . . . . . . . . -12-

Shaw v. Aurgroup Fin. Credit Union, 552 F.3d 447 (6th Cir. 2009).. . . . . . . . . -10-

Simmons, In re, 200 F.3d 738 (11th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . -16-

Solomon v. Gerstel, 207 F.2d 601 (5th Cir. 1953).. . . . . . . . . . . . . . . . . . . . . . . -14-

Southeast Banking Corp., In re, 156 F.3d 1114 (11th Cir. 1998). . . . . . . . . . . . -14-

Turner v. Close, 384 B.R. 856 (D. Kan. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . -11-

U.S. v. Stephens, 208 F.2d 105 (5th Cir.1954). . . . . . . . . . . . . . . . . . . . . . . . . -14-

Williams, In re, 339 B.R. 794 (Bankr. M.D. Fla. 2006). . . . . . . . . . . . . . . . . . . -12-

**Federal Statutes**

11 U.S.C. § 101(8).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

11 U.S.C. § 1112(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

11 U.S.C. § 1307(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

11 U.S.C. § 547. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

11 U.S.C. § 548. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

11 U.S.C. § 707. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -9-, -10-, -17-, -18-

11 U.S.C. § 727(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

28 U.S.C. § 1334(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

28 U.S.C. § 158(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

## STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. §§ 158(a), 1334(a). The Order Granting Creditor Nueterra Healthcare Physical Therapy, LLC's Motion to Dismiss Case was entered on the docket on June 17,2011, [DE[1] 45]. The Order Denying Motion for Reconsideration was entered on the docket on September 29, 2011[DE 51]. The notice of appeal from the final orders of the bankruptcy court was timely filed on October 12, 2011. [DE 53].

The final orders of the bankruptcy court dismissed the Chapter 7 bankruptcy case of the Appellant, with prejudice for 180 days.

## STATEMENT OF THE ISSUES

Did the bankruptcy court err in dismissing the case at the request of a creditor where no grounds existed for denial of discharge or exception from discharge, thereby judicially creating an additional creditor's remedy?

Did the bankruptcy court err in dismissing the case at the request of a creditor on amorphous grounds of "bad faith" when the Debtor otherwise qualified for relief under Chapter 7?

Did the bankruptcy court err in dismissing the case at the request of a

[1] "[DE *x*]" refers to the docket entry numbered assigned to the referenced court paper below.

creditor by relying upon factors specifically only applicable to cases with "primarily consumer debt"?

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument.

# STATEMENT OF THE CASE

## NATURE OF THE CASE

This appeal arises from a voluntary bankruptcy under Chapter 7 which was dismissed on the request of a creditor whose claim was not qualified to be excepted from discharge. This appeal ensued.

## PROCEDURAL HISTORY

This case was commenced by the filing of a voluntary petition under Chapter 7 of Title 11, United States Code, on October 8, 2010. [DE 1]. The meeting of creditors was scheduled for, and concluded on November 17, 2010. [DE 10]. On November 18, 2010, an Order Determining Debtor's Compliance with Filing Requirements of Section 521(a)(1) was entered, which established a deadline of December 1, 2010, to contest the court's finding. [DE 13]. No interested party contested the court's findings.

The Trustee (who is not a party to this appeal) received authorization from the bankruptcy court to hire counsel on November 30, 2010. [DE 16]. An amended detail of Mr. Piazza's household income and expenses was filed on December 31, 2010. [DE 28]. The Trustee's counsel engaged in extensive discovery. [DE 22]. While the deadline for objections to discharge was established as January 18, 2011 [DE 2], Mr. Piazza agreed to five extensions of

the deadline for the Trustee to object to his discharge, through June 17, 2011. [DE 25, 33, 37, 40, 43]. No objection to discharge was filed.

Counsel for Nueterra Healthcare Physical Therapy, L.L.C. (herein "Creditor" or "Appellee") filed a notice of appearance on December 9, 2010, five weeks prior to expiration of the deadline to file a complaint seeking to have its debt excepted from discharge or objecting to Mr. Piazza's discharge. [DE 20, 2]. Creditor neither sought an extension of time to object to discharge or dischargeability, nor conducted any discovery.

On January 18, 2011, Creditor filed a motion to dismiss solely under 11 U.S.C. § 707(b) [DE 29], which was considered at a non-evidentiary hearing on March 1, 2011. [DE 30]. The bankruptcy case was dismissed by order entered on June 17, 2011. [DE 45]. A motion for reconsideration was timely filed on June 23, 2011 [DE 47, 48], which was denied by order of September 29, 2011 [DE 51], entered after a non-evidentiary hearing on July 26, 2011. [DE 49].

A Notice of Appeal was timely filed on October 12, 2011 [DE 53], which was transmitted to this Court on December 1, 2011.

## STATEMENT OF FACTS

Mr. Piazza does not own a homestead. [DE 1 at p 8/39]. The total value of all of Mr. Piazza's worldly goods is $4,055.00. Mr. Piazza listed 13 creditors,

with total general unsecured debts of $319,683.00, of which Creditor constitutes $161,383.00, or 50.04%. [DE 1]. Creditor's claim is not for personal, family, or household use. Rather, Creditor's claim was the guarantee of a business debt. [DE 1 at p 19/39].

Mrs. Piazza is not jointly liable with Mr. Piazza on any debts. [DE 1, p 22/39]. Without Mrs. Piazza's income, Mr. Piazza could not support himself and his 91-year old aunt. [DE 28, p 4 - 7]. Even considering Mrs. Piazza's income, the household earnings are insufficient to meet current household expenses. [DE 28 at page 6/7].

The bankruptcy court found that "The Debtor continued to contribute money to his wife's 401k and make her credit card payments even though she had a well paying job and he had a large state court judgment against him." DE 45 at page 2/14. On the Amended Schedule I [DE 28 at page 5/7], it is disclosed that the Mrs. Piazza contributes to her own 401k plan, not Mr. Piazza. On the Amended Schedule J [DE 28 at page 6,7/7], are listed "expenses of the debtor and the debtor's family..." [See DE 28 at page 6/7 first sentence of instructions]. There is no support in the record for the finding that Mr. Piazza is contributing to Mrs. Piazza's 401k or paying her credit cards. This unsupported finding was repeated often throughout the opinion below.

The remaining relevant facts are recited in the Procedural History above.

## SCOPE OF REVIEW

An appellate court reviews "a grant of summary judgment *de novo,* applying the same standard as the [bankruptcy] court." *O'Ferrell v. U.S.*, 253 F.3d 1257, 1265 (11th Cir. 2001)(*citing McCaleb v. A.O. Smith Corp*., 200 F.3d 747, 750 (11th Cir.2000). Conclusions of law are reviewed *de novo*. *In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir. 1998)(*citing, In re Bush*, 62 F.3d 1319, 1322 (11th Cir. 1995)).

## SUMMARY OF THE ARGUMENT

Dismissal of a Chapter 7 case may only be accomplished after application of a test specified in the Code by an amendment intended to limit the discretion of bankruptcy judges. Dismissal is the most severe remedy and should not have been granted. Inferences were drawn against the Debtor in derogation of the policy of affording relief to honest and unfortunate debtors.

## ARGUMENT

11 U.S.C. § 707 prescribes the standards for dismissal of a case under Chapter 7, and provides,

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521 (a), but only on a motion by the United States trustee.
(b) (1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548 (d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548 (d)(4)).
(2) (A) (i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—
(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or (II) $10,000.
(ii) (I) The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. Such expenses shall include reasonably necessary health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the

debtor, or the dependents of the debtor. Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts. In addition, the debtor's monthly expenses shall include the debtor's reasonably necessary expenses incurred to maintain the safety of the debtor and the family of the debtor from family violence as identified under section 302 of the Family Violence Prevention and Services Act, or other applicable Federal law. The expenses included in the debtor's monthly expenses described in the preceding sentence shall be kept confidential by the court. In addition, if it is demonstrated that it is reasonable and necessary, the debtor's monthly expenses may also include an additional allowance for food and clothing of up to 5 percent of the food and clothing categories as specified by the National Standards issued by the Internal Revenue Service.

(II) In addition, the debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disabled household member or member of the debtor's immediate family (including parents, grandparents, siblings, children, and grandchildren of the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case who is not a dependent) and who is unable to pay for such reasonable and necessary expenses.

(III) In addition, for a debtor eligible for chapter 13, the debtor's monthly expenses may include the actual administrative expenses of administering a chapter 13 plan for the district in which the debtor resides, up to an amount of 10 percent of the projected plan payments, as determined under schedules issued by the Executive Office for United States Trustees.

(IV) In addition, the debtor's monthly expenses may include the actual expenses for each dependent child less than 18 years of age, not to exceed $1,500 per year per child, to attend a private or public elementary or secondary school if the debtor provides documentation of such expenses and a detailed explanation of why such expenses are reasonable and necessary, and why such expenses are not already accounted for in the National Standards, Local Standards, or Other Necessary Expenses referred to in subclause (I).

(V) In addition, the debtor's monthly expenses may include an allowance for housing and utilities, in excess of the allowance specified by the Local Standards for housing and utilities issued by the Internal Revenue Service, based on the actual expenses for home energy costs if the debtor provides documentation of such actual expenses and demonstrates that such actual expenses are reasonable and necessary.
(iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of—
(I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the filing of the petition; and
(II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts; divided by 60.
(iv) The debtor's expenses for payment of all priority claims (including priority child support and alimony claims) shall be calculated as the total amount of debts entitled to priority, divided by 60.
(B) (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
(ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide—
(I) documentation for such expense or adjustment to income; and
(II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
(iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.
(iv) The presumption of abuse may only be rebutted if the additional

expenses or adjustments to income referred to in clause (i) cause the product of the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of subparagraph (A) when multiplied by 60 to be less than the lesser of—

(I) 25 percent of the debtor's nonpriority unsecured claims, or $6,000, whichever is greater; or

(II) $10,000.

(C) As part of the schedule of current income and expenditures required under section 521, the debtor shall include a statement of the debtor's current monthly income, and the calculations that determine whether a presumption arises under subparagraph (A)(i), that show how each such amount is calculated.

(D) Subparagraphs (A) through (C) shall not apply, and the court may not dismiss or convert a case based on any form of means testing—

(i) if the debtor is a disabled veteran (as defined in section 3741 (1) of title 38), and the indebtedness occurred primarily during a period during which he or she was—

(I) on active duty (as defined in section 101 (d)(1) of title 10); or

(II) performing a homeland defense activity (as defined in section 901 (1) of title 32); or

(ii) with respect to the debtor, while the debtor is—

(I) on, and during the 540-day period beginning immediately after the debtor is released from, a period of active duty (as defined in section 101 (d)(1) of title 10) of not less than 90 days; or

(II) performing, and during the 540-day period beginning immediately after the debtor is no longer performing, a homeland defense activity (as defined in section 901 (1) of title 32) performed for a period of not less than 90 days; if after September 11, 2001, the debtor while a member of a reserve component of the Armed Forces or a member of the National Guard, was called to such active duty or performed such homeland defense activity.

(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances (including whether the debtor

> seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

*The bankruptcy court erred in dismissing the case at the request of a creditor where no grounds existed for denial of discharge or exception from discharge, thereby judicially creating an additional creditor's remedy.*

707(a) is not a creditors remedy. The Code does not permit a creditor, or any other party in interest[2], to move for dismissal under 707(a). Contrast the language of 707(a) ("The court may dismiss a case under this chapter only after notice and a hearing and only for cause...") with the language of: 707(b) ("the court, on its own motion or on a motion by the United States trustee, trustee ..., or any party in interest..."); 1307(c) ("on request of a party in interest or the United States trustee ... the court may convert ... or may dismiss a case..."); and 1112(b)(1) ("on request of a party in interest, and after notice and a hearing, the court shall convert ... or dismiss ...").

If Congress intended for 707(a) to be a creditor's remedy, then it certainly knew how to give creditors the right to move under that section. Creditor moved pursuant to 707(b), and the bankruptcy court "construe[d] the Creditor's motion as a Motion to Dismiss under both § 707(a) and (b)." DE 45 at p 6/14. The bankruptcy court did that because 707(b) does not apply to Mr. Piazza, who is not

[2] The United States trustee is permitted to move under 707(a)(3) only.

"an individual debtor under this chapter whose debts are primarily consumer debts." 11 U.S.C. §101(8) defines"consumer debt" as " debt incurred by an individual primarily for a personal, family, or household purpose."

*The bankruptcy court erred in dismissing the case at the request of a creditor on amorphous grounds of "bad faith" when the Debtor otherwise qualified for relief under Chapter 7.*

11 U.S.C. §707 was extensively amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter BAPCPA).

BAPCPA was passed largely in reaction to the disparate results achieved in similar cases due to the liberal exercise of discretion by bankruptcy judges. *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 461 (6th Cir. 2009) ("Congress enacted BAPCPA precisely so that judges would have less, not more, discretion under the Bankruptcy Code."); *Ross-Tousey v. Neary (In re Ross-Tousey)*, 549 F.3d 1148 (7th Cir. 2008)("It was clearly Congress's intent to eliminate ... discretion when it enacted BAPCPA."); *Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652 (8th Cir. 2008)("In enacting BAPCPA, Congress reduced the amount of discretion that bankruptcy courts previously had over the calculation of an above-median debtor's income and expenses..."); *eCAST Settlement Corp. v. Washburn (In re Washburn)*, 579 F.3d 934, 939 (8th Cir. 2009)("We, too, have recognized the reduction of judicial discretion as one aspect

of Congress's intent surrounding BAPCPA.")(*abrogated on other grounds by Ransom v. FIA Card Services, N.A.*, —— U.S. ——, 131 S.Ct. 716, 178 L.Ed.2d 603 (January 11, 2011).

> Congress designed the means test to measure debtors' disposable income and, in that way, "to ensure that [they] repay creditors the maximum they can afford." H.R. Rep., at 2. *** In eliminating the pre-BAPCPA case-by-case adjudication of above-median-income debtors' expenses, on the ground that it leant itself to abuse, Congress chose to tolerate the occasional peculiarity that a brighter-line test produces.

*Ransom, supra*, at 725, 729.

"In BAPCPA, Congress sought to limit the discretion previously exercised by bankruptcy judges..." *Turner v. Close (In re Close)*, 384 B.R. 856, 859 (D. Kan. 2008), Accord *Mancl v. Chatterton (In re Mancl)*, 381 B.R. 537, 542 (W.D. Wis. 2008)("Although it is understandable that bankruptcy courts might resist strict adherence to the code's new requirements in favor of retaining their former discretionary powers, it is apparent from the language and history of the BAPCPA that adherence to objectively defined standards and reduced judicial discretion is what Congress intended."); *Acosta Rivera v. Segarra Miranda*, 376 B.R. 382 (D.P.R. 2007)(citations omitted)("Moreover, a major goal of Congress in enacting the BAPCPA was to replace judicial discretion with specific statutory standards and formulas.")

"Unlike cases filed before BAPCPA became effective, the Court has less -- and sometimes no -- discretion to grant relief in BAPCPA cases under certain circumstances." *In re Williams*, 339 B.R. 794, 795 (Bankr. M.D. Fla. 2006), accord *In re Dunford*, 408 B.R. 489, 495 (Bankr. N.D. Ill. 2009)("[T]he generally recognized intent of Congress in BAPCPA [is] to limit some degree of discretion and judicial flexibility from the law. *See In re Farrar-Johnson*, 353 B.R. 224, 231 (Bankr. N.D. Ill. 2006) and legislative history materials cited.").

In a case similar to the case at bar, the bankruptcy court observed, "Prior to enactment of [BAPCPA], § 1112(b) provided that a court 'may' convert or dismiss a Chapter 11 case for cause. Subsequent to the enactment of BAPCPA, it appears that the Court's discretion with respect to conversion or dismissal has been circumscribed." *In re Blixseth*, 2009 Bankr. LEXIS 1628, 2009 WL 1525994, 4 (Bankr. D. Mont. 2009).[3] See also, *In re Rouse*, 301 B.R. 86, 89 (Bankr. D. Colo. 2003); *Baud v. Carroll*, 634 F.3d 327, 348 (6th Cir. 2011)("Prior to BAPCPA, bankruptcy courts had the discretion to determine whether debtors' mortgage expenses were reasonably necessary... We conclude that § 1325(b)(3) provides a clear indication that Congress intended a departure from such pre-BAPCPA

[3] *Blixseth* was a Chapter 11 case and the Code section under consideration was 11 U.S.C. §1112, which was extensively amended in BAPCPA.

practice with respect to above-median-income debtors.”).

> Chapters 11 and 13 of the Bankruptcy Code each contain a “dismissal for cause” provision that is structured like § 707(a) and includes the same or similar examples of “cause” as § 707(a). However, under the Chapter 11 and Chapter 13 provisions we have held that bad faith does provide “cause” to dismiss Chapter 11 and Chapter 13 bankruptcy petitions. What distinguishes Chapters 11 and 13 from Chapter 7 is the language of the Bankruptcy Code itself and the post-filing relationship between the debtor and his creditors. The Bankruptcy Code specifically mentions good faith in Chapters 11 and 13 when it permits a court to confirm a payment plan only if it is proposed in good faith. No mention of good faith or bad faith is made in Chapter 7. Also, the post-filing debtor-creditor relationship is markedly different in liquidation and reorganization bankruptcies. Chapters 11 and 13, both reorganization chapters, permit the debtor to “retain its assets and reorder its contractual obligations to its creditors. In return for these benefits, ... the debtor [must] approach its new relationship with the creditors in good faith ...” Chapter 7, a liquidation chapter, “requires no ongoing relationship between the debtor and its creditors” and should be available to any debtor willing to surrender all of its nonexempt assets, “regardless of whether the debtor's motive in seeking such a remedy was grounded in good faith.” In *Eisen*, we linked the good faith requirement implicit in a Chapter 13 bankruptcy with the good faith requirement for proposing a payment plan when we stated that “[t]o determine if a petition has been filed in bad faith courts are guided by the standards used to evaluate whether a plan has been proposed in bad faith.” 14 F.3d at 470. The Bankruptcy Code's language and the protracted relationship between reorganization debtors and their creditors lead us to conclude that bad faith *per se* can properly constitute “cause” for dismissal of a Chapter 11 or Chapter 13 petition but not of a Chapter 7 petition under § 707(a).

*In re Padilla*, 222 F.3d 1184, 1192 -1193 (9th Cir. 2000)(some citations omitted).

Under principles of statutory construction, the absence of the specifics of

707(b) in 707(a) indicate Congressional intent not to include a bad faith analysis under 707(a). *In re Southeast Banking Corp.*, 156 F.3d 1114, 1123 (11th Cir. 1998) ("the expression of one thing is the exclusion of another.").

> "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Dean v. United States*, 556 U.S. 568, 129 S.Ct. 1849, 1854, 173 L.Ed.2d 785 (2009) (quotation marks omitted); *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983) (same) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir.1972)); *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir.2007).

*Myers v. TooJay's Management Corp.* 640 F.3d 1278, 1284 (11th Cir. May 17, 2011).

"It is axiomatic that an action based entirely upon a statute ... must find its warrant in the statute, and courts cannot, upon the pretence [sic] of construing it, enlarge its coverage to bring within it those not expressly or by clear intendment embraced within its terms." *U.S. v. Stephens*, 208 F.2d 105, 107 (5th Cir.1954)[4].

While [t]he bankruptcy court is a court of equity ... it is axiomatic that equity follows the law. *Solomon v. Gerstel* 207 F.2d 601, 602 (5th Cir. 1953).

Mr. Piazza qualifies for relief under Chapter 7 by every objective standard

[4] Fifth Circuit cases decided prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

of Title 11. The application of an arbitrary "sniff test", eviscerates the complex and detailed provisions of the Bankruptcy Code and ignores yet another rule of statutory construction. "[I]t is a commonplace of statutory construction that the specific governs the general..." *Morales v. Trans World Airlines, Inc.* 504 U.S. 374, 384-385, 112 S.Ct. 2031, 2037 (1992).

> [W]e believe it to be a truism that it is not bad faith to seek to avail oneself of a particular protection in the Bankruptcy Code-Congress enacted such protections with the expectation that they would be used. *In re James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir.1992) ("It is not bad faith to seek to gain an advantage from declaring bankruptcy-why else would one declare it?").

*In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 127 (3rd Cir. 2004).

The bankruptcy court's wholesale incorporation into 707(a) of the standards detailed in 707(b) is contrary to the principle of statutory construction, *ejusdem generis*, pursuant to which any additional grounds for dismissal should be of the same kind, class or nature of the enumerated list.

*The bankruptcy court erred in dismissing the case at the request of a creditor by relying upon factors specifically only applicable to cases with "primarily consumer debt."*

First, the bankruptcy court read into 707(a) the non-existent "bad faith" test, then proceeded to apply nothing more than a "sniff test" with little or no record support for its findings, and made findings contrary to the only evidence.

Following are the findings upon which the bankruptcy court deemed this case to have been filed in bad faith.

1. "The Debtor continued to contribute money to his wife's 401k and make her credit card payments even though she had a well paying job and he had a large state court judgment against him." DE 45 at page 2/14. Mr. Piazza "regularly transfers significant amounts to his wife for her 401(k), credit card payments, and other expenses..." DE 45 at page 12/14. "[T]he Debtor ... continues to contribute significant amounts to his wife's retirement fund at the expense of his creditors." DE 45 at page 13/14.[5] "The Debtor contributes $2,000 per month to his wife's 401(k) ... and pays other expenses for his wife." DE 45 at page 13/14. "Within the month preceding the petition date, the Debtor transferred thousands of dollars to his wife which could have been used to repay his creditors." DE 45 at page 13/14. "The Debtor's ability to repay at least a portion of his debts to creditors is evidenced by the substantial payments he makes to his wife on a monthly basis..." DE 45 at page 13/14.

There is no evidence that Mr. Piazza ever contributed to his wife's 401k, or

---

[5] The bankruptcy court asserted that this point was "uncontroverted", but the burden of proof is on the movant, not on the Debtor to refute an assertion. *In re Simmons*, 200 F.3d 738, 743 (11th Cir. 2000).

paid her credit card debts, or transferred assets to her. If he had transferred assets to his wife, the remedy is found in 11 U.S.C. § 547, 548. The transfer of assets within the year prior to the petition date is grounds for denial of discharge. 11 U.S.C. § 727(a)(2).

2. "The Debtor filed bankruptcy in response to a judgment, pending litigation, or collection action; the debtor intended to avoid a large single debt; the debtor is paying debts of insiders; and the debtor employed a deliberate and persistent pattern of evading a single major creditor." DE 45 at 11/14.

The implication is that a bankruptcy must be filed before a judgment is entered and that one should accumulate numerous large debts prior to seeking bankruptcy relief. The only insider debt being paid by Mr. Piazza is the mortgage of his 91-year old aunt. Support of an elderly relative is expressly permitted under 707(b)(2)(A)(ii)(II). How can something specifically permitted by the Bankruptcy Code be grounds for a finding of bad faith? There is no indication of what Mr. Piazza did to evade payment of the judgment except his assertion of his right to exempt his wages as the head of the household in state court. Is the assertion of statutory rights in state court what this bankruptcy court considers evasion?

3. "The Debtor ... leases a luxury vehicle..."

The amount Mr. Piazza pays for his "luxury vehicle" is specifically

permitted under the Bankruptcy Code. 707(b)(2)(A)(II), and 707(b)(2)(A)(iii)(II) Again, how can something specifically permitted by the Code be grounds for bad faith?

4. "His wife has her own successful career, and if changes were made to the economic structure of their household, the Debtor would not need to transfer money to his wife to support their lifestyle." DE 45 at page 13/14.

There is no evidence that Mr. Piazza transfers money to his wife. There is no "provision in the Bankruptcy Code which mandates a non-filing spouse to live modestly or to devote his or her income to the repayment of the filing spouse's debts." *In re Baldino*, 369 B.R. 858, 862 (Bankr.M.D.Pa. 2007).

Dismissal is a severe remedy reserved for the most severe behavior. *Durand v. Ackerman (In re Durand)*, 2008 U.S. Dist. LEXIS 76536, 2008 WL 4282601, 7 (E.D.N.Y. 2008). Default and dismissal are drastic remedies which should only be imposed in extreme circumstances. *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979).

> Sanctions imposed by a court must be commensurate with the dereliction. *Brown v. O'Leary*, 512 F.2d 485 (5th Cir. 1975). The sanctions of dismissal and default judgement are drastic remedies to be resorted to only in extreme situations. *E. F. Hutton & Company, Inc. v. Moffatt*, 460 F.2d 284 (5th Cir. 1972); *Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967). The Court must be ever mindful of the litigants' right to be heard. *Council of Federated Organizations v. Mize*, 339

F.2d 898 (5th Cir. 1964); *Woodham v. American Cystoscope Company of Pelham, N.Y.*, 335 F.2d 551 (5th Cir. 1964).

*In re Garrett*, 3 B.R. 557, 558 (Bankr. N.D. Ga. 1980).

**CONCLUSION**

If each of the hundreds of bankruptcy judges is to design standards for citizens to avail themselves of the relief offered by the Bankruptcy Code, bankruptcy lawyers shall be compelled to advise their prospective clients to rend their garments, dress in sackcloth, wail and sit in the ashes[6] for some appropriate period of time before filing a petition for relief.

Mr. Piazza requests that this case be remanded to the bankruptcy court with instructions to vacate the order of dismissal and reinstate the case.

[Remainder of this page is intentionally blank.]

[6] Isaiah 36:22, 2 Kings 19:1; Esther 4:1; Job 2:8.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 6, 2012, this brief was served on counsel of record electronically to: Christian Alan Petersen cpetersen@gunster.com, flessard@gunster.com, and by via U.S. Mail to Christian Alan Petersen, Gunster Yoakley & Stewart P A, 450 E Las Olas Blvd Ste 1400, Fort Lauderdale, Florida 333014206.

Respectfully submitted,

**KEVIN C GLEASON, ESQ.**
4121 N 31st Avenue
Hollywood, Florida 33021-2011
Attorney for Appellant
954.893.7670/954.893.7675 Fax

s/Kevin C Gleason
Florida Bar No. 369500
BankruptcyLawyer@aol.com