IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:11-cv-62569-KMM

CRAIG PIAZZA,

    Appellant,

vs.

NUETERRA HEALTHCARE PHYSICAL
THERAPY, LLC,

    Appellee.
_____/

## ORDER

THIS CAUSE is before the Court on an appeal from the Bankruptcy Court's June 17, 2011 Final Judgment on Order Granting Creditor Nueterra Healthcare Physical Therapy, LLC's Motion to Dismiss. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8001. For the reasons stated herein, the Bankruptcy Court's Judgment is affirmed.

## PROCEDURAL BACKGROUND

On October 8, 2010 Debtor-Appellant Craig Piazza filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The same day, Piazza filed, *inter alia*, Schedules A–J,[1] and a Statement of Current Monthly Income and Means Test ("Official Form 22A"). In late December 2010 Piazza filed Amended Schedules I and J.

---

[1] Schedule A (Real Property); Schedule B (Personal Property); Schedule C (Property Claimed as Exempt); Schedule D (Creditors Holding Secured Claims); Schedule E (Creditors Holding Unsecured Priority Claims); Schedule F (Creditors Holding Unsecured Nonpriority Claims); Schedule G (Executory Contracts and Unexpired Leases); Schedule H (Codebtors); Schedule I (Current Income of Individual Debtor); and Schedule J (Current Expenditures of Individual Debtor).

1

On January 18, 2011 Creditor Nueterra Healthcare Physical Therapy, LLC ("Nueterra") filed a Motion to Dismiss. Piazza filed a Response, and at a March 1, 2011 hearing on the Motion, Nueterra argued that the petition should be dismissed pursuant to 11 U.S.C. § 707(b) ("section 707(b)"), which empowers a bankruptcy court to dismiss a petition if it finds that granting relief to the debtor would be an abuse of the provisions of Chapter 7. Nueterra argued in the alternative that the petition should be dismissed pursuant to 11 U.S.C. § 707(a) ("section 707(a)"), which empowers a bankruptcy court to dismiss a petition "for cause" after notice and a hearing.

On June 17, 2011, the bankruptcy court granted Nueterra's Motion to Dismiss. Piazza filed a Motion to Reconsider, which was denied by the bankruptcy court on September 29, 2011. Piazza now appeals the Bankruptcy Court's Order Granting Nueterra's Motion to Dismiss and presents the following issues:

(1) Whether the bankruptcy court erred in holding that a debtor's bad faith constitutes "cause" for the bankruptcy court to dismiss that debtor's petition under section 707(a); and

(2) Whether the bankruptcy court erred in finding that the Appellant's chapter 7 petition was filed in bad faith.

## DISCUSSION

### A. Standard of Review

"The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, 'but reviews a bankruptcy court's legal conclusions de novo.'" In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). "Under de novo review, [a] Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." In re Brown, No. 6:08-

cv-1517-Orl-18DAB, 2008 WL 5050081, at * 2 (M.D. Fla. Nov. 19, 2008) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir. 2001)).

### B. Does Bad Faith Constitutes "Cause" under 11 U.S.C. § 707(a)?

On April 20, 2005, President George W. Bush signed into law the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109–8, 119 Stat. 23 (2005). BAPCPA amended 11 U.S.C. § 707(b) to include a debtor's "bad faith" as grounds for dismissal of a Chapter 7 bankruptcy proceeding. See 11 U.S.C. § 707(b) ("In considering . . . whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—(A) whether the debtor filed the petition in bad faith . . . ."). Prior to the enactment of BAPCPA, several judges within the Eleventh Circuit held that there is no good faith filing requirement in a Chapter 7 bankruptcy proceeding. See In re Owens, No. 04–17420–WHD, 2006 WL 6589877 (Bankr. N.D. Ga. Aug. 18, 2006) (Drake, J.); In re Isham, No. 05-31856-BKC-SHF, 2006 WL 1431401 (Bankr. S.D. Fla. Mar. 9, 2006) (Friedman, J.); In re Blizerian, 264 B.R. 726 (Bankr. M.D. Fla. 2001) (Williamson, J.). Upon BAPCPA's introduction of bad faith into section 707(b), however, the majority of courts across the country have held that bad faith can constitute cause for dismissal under section 707(a). See In re Kane & Kane, 406 B.R. 163, 167 (Bankr. S.D. Fla. 2009) (citing In re Tallman, 397 B.R. 451, 454 (Bankr. N.D. Ind. 2008)). This is true of the Eleventh Circuit; ten of the thirteen judges within the Eleventh Circuit who have considered the issue have held that bad faith can constitute cause for dismissal under section 707(a). See In re Baird, 456 B.R. 112 (Bankr. M.D. Fla. 2010) (Briskman, J.) (holding that bad faith constitutes "cause" for dismissal under section 707(a)); In re Boca Village Assn., Inc., 422 B.R. 318 (Bankr. S.D. Fla. 2009) (Hyman, J.) (same); Kane, 406 B.R. at 163 (Kimball, J.)

3

(same); In re McDaniel, 363 B.R. 239 (M.D. Fla. 2007) (Fawsett, C.J.) (same); In re Tagliavia, 378 B.R. 660 (Bankr. M.D. Fla. 2006) (Glenn, J.) (same); In re Adell, 332 B.R. 844 (Bankr. M.D. Fla. 2005) (Paskay, J.) (same); In re Johnson, 318 B.R. 907 (Bankr. N.D. Ga. 2005) (Mullins, J.) (same); In re Smith, 229 B.R. 895 (Bankr. S.D. Ga. 1997) (Dalis, C.J.) (same); In re Tanguay, 206 B.R. 575 (Bankr. M.D. Fla. 1997) (Funk, J.) (same); In re Davidoff, 185 B.R. 631 (Bankr. S.D. Fla. 1995) (Cristol, J.) (same). But see Owens, 2006 WL 6589877 (Drake, J.) (holding that bad faith is not "cause" for dismissal under section 707(a)); In re RIS Inv. Grp., Inc., 298 B.R. 848 (Bankr. S.D. Fla. 2003) (Friedman, J.) (same); In re Blizerian, 264 B.R. 726 (Bankr. M.D. Fla. 2001) (Williamson, J.) (same).

As the bankruptcy court observed, "[t]his growing trend is consistent with one of the primary policy aims of bankruptcy, to give the honest yet unfortunate debtor a fresh start—not the dishonest business person a head start." June 17, 2011 Order, at 7 (ECF No. 1, at 8). It is also consistent with the purposes for which BAPCPA was enacted. See Milavetz, Gallop & Milavetz, P.A. v. United States, 130 S. Ct. 1324, 1329 (2010) ("Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 . . . to correct perceived abuses of the bankruptcy system."); see also In re Cavanaugh, No. 06–57992–WS, 2007 WL 6363170, at *3 (Bankr. E.D. Mich. Aug. 24, 2007) (noting the general intent of BAPCPA is to "eliminate perceived abuses and push more debtors toward paying their creditors."). Finally, this trend is consistent with the *in pari materia* canon of statutory construction, which holds that statutes addressing the same subject matter "generally should be read 'as if they were one law.'" Wachovia Bank v. Schmidt, 546 U.S. 303, 315–16 (2006) (quoting Erlenbaugh v. United States, 409 U.S. 239, 243 (1972)). Bankruptcy courts have the power to dismiss cases "for cause" under other chapters of the Bankruptcy Code. See 11 U.S.C. §§ 707(a), 930(a), 1112(b)(1), 1208(c),

1307(c). Courts have interpreted these other "for cause" provisions to include a debtor's bad faith, and it seems axiomatic when faced with interpreting an identical clause under section 707(a) that a consistent interpretation should prevail. See In re State Street Houses, Inc., 305 B.R. 726, 734 (Bankr. S.D. Fla. 2002) (chapter 11), aff'd, 356 F.3d 1345 (11th Cir. 2004); see also Maramma v. Citizens Bank of Mass., 549 U.S. 365, 373–74 (2007) (discussing the "for cause" provision within Chapter 13 and noting that "[b]ankruptcy courts nevertheless routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'").

Accordingly, in light of the extensive discussion of the topic and the clear majority of judges within the Eleventh Circuit holding that bad faith can constitute cause for dismissal under section 707(a), this Court agrees with the bankruptcy court's reasoning that a debtor's bad faith can constitute cause for dismissal under section 707(a). Such an interpretation promotes internal harmony within the Bankruptcy Code and is most consistent with the policy aims of bankruptcy law. What actions constitute bad faith, however, is a separate question of law which this Court now addresses.

### C. Did the Bankruptcy Court Err in Finding Bad Faith?

Significant discord exists among courts regarding the appropriate standard by which to judge a debtor's alleged bad faith under section 707(a). The United States Court of Appeals for the Sixth Circuit held that dismissal based on a debtor's bad faith should be "generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." In re Zick, 931 F.2d 1124, 1129 (6th Cir. 1991). Three years later, the Eighth Circuit held that dismissal should

5

be limited to situations of "extreme misconduct falling outside the purview of more specific Code provisions, such as using bankruptcy as a 'scorched earth' tactic against a diligent creditor, or using bankruptcy as a refuge from another court's jurisdiction." In re Huckfeldt, 39 F.3d 829, 832 (8th Cir. 1994) (citing In re Khan, 172 B.R. 613, 624–26 (Bankr. D. Minn. 1994)). In 2007 the Third Circuit[2] noted that it favored an approach to determining bad faith that "does not restrict a bankruptcy court's consideration of entire categories of facts and circumstances," but nevertheless held that a bankruptcy court may not find bad faith based "exclusively or primarily on a debtor's substantial financial means." Perlin v. Hitachi Capital Am. Corp., 497 F.3d 364, 374 (3d Cir. 2007). From these opinions a "totality of the circumstances" test for determining whether a debtor acted in bad faith has emerged. See id.; Zick, 931 F.2d at 1127 ("'The facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases.'" (quoting In re Bingham, 68 B.R. 933, 935 (Bankr. M.D. Pa. 1987)).

Here, the bankruptcy court relied on fifteen factors to help "shed light on [the] debtor's intentions" and to determine "whether the debtor is an honest but unfortunate debtor entitled to a fresh start." June 17, 2011 Order, at 9–10. The factors the bankruptcy court considered were whether:

> (1) the debtor reduced his creditors to a single creditor shortly before the petition date; (2) the debtor made no life-style adjustments or continued living a lavish life-style; (3) the debtor filed the case in response to a judgment, pending litigation, or collection action; (4) there is an intent to avoid a large, single debt; (5) the debtor made no effort to repay his debts; (6) the unfairness of the use of Chapter 7; (7) the debtor has sufficient resources to pay his debts; (8) the debtor is paying debts of insiders; (9) the debtor's schedules inflate expenses to disguise financial well-being; (10) the debtor transferred assets; (11) the debtor is over-utilizing the protections of the Bankruptcy Code to the unconscionable detriment of creditors; (12) the debtor employed a deliberate and persistent pattern of evading a single major creditor; (13) the debtor failed to make candid and full

---

[2] In 2000 the Third Circuit adopted the standard set out by the Sixth Circuit in Zick. See In re Tamecki, 229 F.3d 205 (3d Cir. 2000).

6

>   disclosure; (14) the debtor's debts are modest in relation to his assets and income;
>   and (15) there are multiple bankruptcy filings or other procedural "gymnastics."

Id. (citing In re Baird, 456 B.R. 112 (Bankr. M.D. Fla. 2010). Importantly, though the bankruptcy court relied on these factors to guide its inquiry, the bankruptcy court specifically noted it did not consider any single factor dispositive. Id. Thus, the bankruptcy court properly looked to the totality of the circumstances in determining whether the debtor acted in bad faith under section 707(a).

Appellant argues that the record does not support the bankruptcy court's decision to dismiss the case due to the debtor's bad faith. The bankruptcy court found, *inter alia*, that approximately 55% of the debtor's debt was owed to one creditor; that the debtor continued to transfer thousands of dollars per month to his wife and lease a luxury vehicle notwithstanding his wife's $7,709.00 per month salary and a $161,383.00 state court final judgment the debtor refused to pay; and that the debtor filed his petition "one day before a state court deadline to produce documents relating to whether the Debtor could exempt income as a head of household from his liability on the final judgment." June 17, 2011 Order, at 12. As the bankruptcy court noted, "[t]here was no sudden financial disaster, the Debtor and his spouse still maintained their jobs, no medical crisis occurred, the petition was timed perfectly to stay the Creditor's collection efforts." Id. A review of the record reveals ample support for the bankruptcy court's findings. These findings alone are sufficient to support the bankruptcy court's bad faith determination and a review of the bankruptcy court's other findings is therefore unnecessary.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's June 17, 2011 Final Judgment on Order Granting Creditor Nueterra Healthcare Physical Therapy, LLC's Motion to Dismiss is hereby AFFIRMED. The Clerk of the Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of April, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record